## MORDY DUKE v. STATE.

No. A-7571. Opinion Filed July 19, 1930.
(290 Pac. 348.)

Claude A. Niles, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was charged by information with possession of about one and one-half pints of intoxicating liquor, to wit, whisky, with the intent on the part of the defendant to sell, give away, transport, and otherwise unlawfully furnish to others; was convicted and sentenced to pay a fine of $200 and costs of prosecution,

and be confined in the county jail for a term of 90 days. From which judgment and sentence the defendant has appealed.

The witnesses on behalf of the state testify they went to the rooming house of the defendant, on the 22d day of November, 1928, and found a pint and a half pint of whisky in room No. 1, near the center of the room in a chair where some blankets were piled; there was a second-hand store below the rooming house, and the stairway to the rooming house went up on the outside of the building.

This is, in substance, the testimony offered by the state. The defendant demurred to the evidence of the state and requested the court to advise the jury to return a verdict of not guilty in this case for the reason that the evidence is insufficient to sustain the charge in the information, and insufficient to prove a crime against the laws of the state. The demurrer was overruled and defendant duly excepted.

The defendant then testified in his own behalf and stated he occupied room No. 2, in the rooming house, and that there was no whisky in his room. Defendant did not know who was in room No. 1, where the officers claim they found the whisky, and if they had any whisky in room 1 he knew nothing about it.

Mrs. Susie Clark, who was employed to look after the rooms and keep them clean and keep the linen washed, testified she did not know anything about there being any whisky in the room. One or two other parties testified to being in business near this place, and they knew nothing about whisky being sold, if there was any sold, in or near the defendant's rooming house.

The defendant assigns six errors alleged to have been committed by the trial court. The only error it is deemed necessary to consider is assignment No. 1, that said court erred in overruling plaintiff in error's motion for a new trial. The first error assigned covers the questions raised by the other assignments.

In this case the defendant is charged with possession of one and one-half pints of whisky, with intent to sell, barter, give away, or otherwise furnish to others. The testimony is insufficient to sustain the judgment. For the reasons hereinabove stated, the judgment of the trial court is reversed.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.